UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY ROUSE,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | NO: 1:15-CV-3074-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13; 14). Plaintiff is represented by Cory J. Brandt. Defendant is represented by Leisa A. Wolf. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

///

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## ALJ'S FINDINGS

On April 20 2011, Plaintiff filed applications for disability benefits and supplemental security income, alleging a disability onset date of January 1, 2009. Tr. 10. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 10, 140, 144, 145-50, 151-52. A hearing was held before an Administrative Law Judge on September 11, 2013. Tr. 59-87. The ALJ rendered a decision on October 17, 2013. Tr. 7-28.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012. Tr. 12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2009, the alleged onset date. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: depression and anxiety disorders. *Id.* However, at step three the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. Tr. 13. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with the following nonexertional limitations. In order to persist through an

> ordinary work schedule and employer production expectations, and to remain within customary employer rules regarding attendance, the claimant can understand, remember, and carry out unskilled routine and repetitive work. She can have occasional interaction with supervisors. She can work in proximity with co-workers, but not in a team or cooperative effort. She can perform work that does not require direct service to the general public, but other incidental contact is not precluded.

Tr. 14. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 21. At step five, the ALJ found that Plaintiff can perform representative occupations such as hospital cleaner, hand packager and laundry laborer, and that such occupations existed in significant numbers in the national and regional economy. Tr. 22. The ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied her claims on that basis. Tr. 23.

The Appeals Council denied Plaintiff's request for review on March 17, 2015, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-3; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

**DICUSSION**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits and supplemental security income. *See* ECF No. 13 at 1. While Plaintiff has presented a number of issues in this appeal, the Court concludes the ALJ erred in failing to properly evaluate the opinion of Plaintiff's treating physician, and therefore remands the case for further proceedings.

### A. Evaluation of Dr. Sui M. Twe's Opinion

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427, F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

Even if a treating physician's opinion is contradicted by another physician, the ALJ may not simply disregard it, and is required to consider factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citing *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007)). "These factors include the 'length of the treatment relationship and the frequency of examination' by the treating physicians, the 'nature and extent of the treatment relationship' between the patient and the treating physician, the 'supportability' of the physician's opinion with medical evidence and the consistency of the physician's opinion with the record as a whole." *Id.* (quoting 20 C.F.R. §

404.1527(c)(2)-(6)). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." *Id.* (quoting *Orn*, 495 F.3d at 631).

Similarly, "an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability." *Id.* (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001)). An ALJ may only reject a treating physician's contradicted opinions by "providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, Dr. Sui M. Twe has been treating Plaintiff and her mental health problems since 1989. Tr. 495; Tr. 461-71, 484-94, 502-05 (treatment notes discussing Plaintiff's anxiety, depression and panic attacks). In a March 2011 medical report, Dr. Twe diagnosed Plaintiff with severe anxiety disorder and panic attacks, post-traumatic stress disorder, and major depressive disorder. Tr. 331. Dr. Twe observed that "at the moment [Plaintiff] cannot look for work. [She] has lost 3 jobs within the last year because of severe panic," and opined that "severe anxiety

1  limits [Plaintiff's] ability to work." *Id.*  Dr. Twe opined Plaintiff's conditions
2  made her unable to work for 12 months and limit any employment to sedentary
3  level work.  Tr. 332.
4     In an August 2013 medical report, Dr. Twe rated Plaintiff's ability to
5  perform basic work activities, finding "severe" limitations, meaning the inability to
6  perform, regarding Plaintiff's abilities in sixteen different areas.  Tr. 499-501
7  (including, *inter alia*, Plaintiff's abilities to understand and remember instructions
8  and procedures; to carry out instructions; maintain attention and concentration for
9  extended periods of time; maintain regular attendance; work in coordination or
10 proximity of others without being distracted by them; make simple work-related
11 decisions; complete a normal workday and workweek without interruptions from
12 psychologically based symptoms and to perform at a consistent pace without an
13 unreasonable number and length of rest periods; respond appropriately to changes
14 in the work setting; travel in unfamiliar places or use public transportation).  Dr.
15 Twe found "marked" limitations, meaning very significant interference, regarding
16 Plaintiff's abilities to interact appropriately with the general public; get along with
17 coworkers or peers without distracting them or exhibiting behavioral extremes;
18 maintain socially appropriate behavior and to adhere to basic standards of neatness
19 and cleanliness; and to be aware of normal hazards and take appropriate
20 precautions.  *Id.*  Dr. Twe opined that Plaintiff was "not capable of any work at the

present" and "not emotionally, physically, mentally ready to seek gainful employment," Tr. 501, and that work on a regular and continuous basis would cause Plaintiff's condition to deteriorate. Tr. 496.

Dr. Twe's opinion was contradicted by psychological examiner Dr. Ronald Dougherty and two reviewing physicians. *See* Tr. 478 (where Dr. Dougherty found Plaintiff's "prognosis appears to be fair and dependent upon her sustained use of counseling resources"); Tr. 97-98, 123-24 (where the two reviewing physicians found Plaintiff could manage a competitive work environment with simple repetitive tasks, but she should have limited interaction with the public and co-workers).

The ALJ afforded Dr. Twe's opinion no weight. Tr. 19, 20. The ALJ found Dr. Twe's 2011 opinion regarding Plaintiff's inability to work was based on Plaintiff's temporarily pregnant state, and that Plaintiff's ability to be the primary caregiver for her two young children "greatly undermines" Dr. Twe's opinion that Plaintiff is unable to work. Tr. 19. In regard to Dr. Twe's 2013 opinion, the ALJ found

> [h]er opinion regarding the claimant's inability to work is completely undermined by the claimant's ability to be the primary caregiver for her two young children. Also, her opinion regarding the claimant's severe cognitive limitations is undermined by the claimant's performances on mental status examinations, as well as her ability to tolerate caregiving activities on a daily basis. Further, her opinion regarding the claimant's marked to severe limitations with social interaction and adaptation is undermined by the claimant's ability to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

> engage cooperatively with medical personnel, go shopping, attend church activities, meet someone and marry, as well as deal with the non-routine nature of raising two young children. Accordingly, I give Dr. Twe's opinion no weight.

Tr. 20. The ALJ also stated Dr. Twe's opinion regarding Plaintiff's limitations appear to be without support of treatment notes or analysis. *Id.*

The Court finds the ALJ did not properly reject Dr. Twe's opinions. Because Dr. Twe's opinion was contradicted by other physicians, the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence, for rejecting her opinion that Plaintiff is unable to work. *See Hill*, 698 F.3d at 1159-60.

Here, not all of the ALJ's reasons are legitimate. While the ALJ assumed Dr. Twe's 2011 opinion was based on Plaintiff's pregnancy, *see* Tr. 19, Dr. Twe specifically notes "severe anxiety limits [Plaintiff's] ability to work," and did not cite Plaintiff's pregnancy as a cause. Tr. 331. Additionally, as for Plaintiff's ability to cooperate with medical personnel, the ALJ also observed Plaintiff has a mental health treatment history with significant issues of noncompliance and attendance. Tr. 17. These contradictory observations are not addressed by the ALJ. As for the lack of treatment notes or analysis, the record contains numerous

pages of Dr. Twe's notes.[1]  *See* Tr. 461-71, 484-494, 502-05.  Accordingly, because these reasons are contradicted by the record or the ALJ herself, they are not legitimate reasons to discount Dr. Twe's opinion.

Further, the ALJ repeatedly points to Plaintiff's ability to care for her children as a reason to reject Dr. Twe's opinion that she is unable to work. However, Plaintiff's asserted impairments include PTSD, anxiety, and panic attacks, which she claims makes it difficult to leave her house, be around strangers, and go out in public.  *See* ECF No. 13 at 2, 8; Tr. 282-83, 307, 309, 329, 425.

---

[1] The ALJ did not specifically state how these notes lack in analysis, but did state "Dr. Twe's treatment notes are generally illegible," Tr. 18, which is not a legitimate reason to reject Dr. Twe's opinion.  *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (citing *Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir. 1982)). If the ALJ was unable to properly evaluate Dr. Twe's opinion due to illegible notes she had a duty to develop the record and conduct an inquiry, for example, by subpoenaing Dr. Twe.  *See* 20 C.F.R. § 404.950(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

Plaintiff cares for her children in her home,[2] which is not inconsistent with Dr. Twe's opinion she is unable to work due to her severe anxiety.  In fact, the marked and severe limitations assessed by Dr. Twe pertain to Plaintiff's ability to maintain employment in a professional environment, not care for her children in her home, where she has no need to punctually travel to and from work each day, nor contend with other stressors associated with the typical work setting.  The ALJ does not adequately explain how Plaintiff's ability to act as primary caregiver undermines Dr. Twe's assessment of Plaintiff's work-place capabilities, and therefore, it is not a legitimate reason to reject Dr. Twe's opinion.

The ALJ's remaining reasons for rejecting the opinions of Dr. Twe, a physician who had treated Plaintiff since 1989, do not suffice, because these reasons are not supported by substantial evidence.  To satisfy the substantial evidence requirement, the ALJ had to summarize the facts and conflicting evidence, provide her own interpretations thereof, and explain why they, rather than Dr. Twe's, are correct.  *See Garrison*, 759 F.3d at 1012.  The ALJ did not adequately perform these steps.  For instance, the ALJ cites Plaintiff's performance on mental status examinations as a reason to afford Dr. Twe's opinion no weight,

---

[2] Plaintiff also claims her husband takes over the care of her children when she is too depressed or anxious.  Tr. 280.

but does not specifically address how the results of the examinations are inconsistent with Dr. Twe's opinion. The ALJ also fails to address the ways in which the results of the examinations are consistent with Dr. Twe's opinion. *See e.g.*, Tr. 344 (evaluator concluding Plaintiff was anxious and depressed and presents with symptoms consistent with PTSD antidepressive disorder), Tr. 348, 352 (evaluators concluding Plaintiff has occupational problems and other psychosocial/environmental problems), Tr. 348, 361, 477 (evaluators diagnosing Plaintiff with PTSD and generalized anxiety disorder with panic attacks). Accordingly, the Court remands the case for the ALJ to reconsider Dr. Twe's opinion. *See Orn*, 495 F.3d at 631-33 (discussing factors to be considered when weighing a treating physician's opinion).

**B. Remedy**

When an ALJ's denial is based upon legal error or not supported by the record, the usual course is for the Court to remand for further proceedings or explanations. *See Hill*, 698 F.3d at 1162. Plaintiff urges the Court to conclude that remand is not necessary and that the Court can find Plaintiff is disabled on the record as it stands. ECF No. 13 at 20. However, remand is appropriate "where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill*, 698 F.3d at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

1162. In this case, there remains outstanding issues to resolve. For instance, whether, when the evidence is properly evaluated, Plaintiff's limitations impair her ability to perform basic work activities, and the ALJ must consider the limitations imposed by Plaintiff's impairments in assessing her RFC. In making these determinations, the Commissioner must properly evaluate the opinions of Plaintiff's treating physician. Whether a proper evaluation of the medical opinion evidence can be reconciled with the ALJ's existing adverse credibility determination or any of the other remaining issues in the case is for the Commissioner to decide in the first instance.

Upon remand, the ALJ should further develop the record and issue a new decision. The ALJ should reevaluate all of Plaintiff's impairments; all medical source opinions; Plaintiff's RFC; findings at step three, and if necessary Plaintiff's ability to perform work at steps four and five; and Plaintiff's credibility. Plaintiff may present new arguments and evidence and the ALJ may conduct further proceedings as necessary.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.
2. Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is hereby directed to file this Order, enter **Judgment** for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** December 18, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14